## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

## Tommy Ray SMITH, Appellee.

### No. 09–84–360 CV.

Court of Appeals of Texas, Beaumont.

Nov. 21, 1985.

R. Lyn Stevens, Beaumont, for appellant.

Glen Morgan, Beaumont for appellee.

### OPINION

BURGESS, Justice.

This is a dispute over attorney's fees in a worker's compensation case. In a jury trial, Tommy Ray Smith was found to have suffered an on-the-job injury which resulted in a period of total incapacity and permanent, partial disability. The jury failed to find that manifest hardship would result if the compensation was not paid in a lump sum. Mr. Smith's attorneys sought their fees in a lump sum. The trial court entered a judgment awarding future compensation in the amount of $60,170.97. The judge then allowed recovery of attorney's fees of 25 percent or $15,042.74. He ordered the attorney's fees to be paid in a lump sum. Texas Employers Insurance Association (TEIA) appeals the awarding of the attorney's fees based on non-discounted future compensation. Stated another way, T.E.I.A.'s position is that if attorney's fees are to be paid in a lump sum, then the compensation award must be reduced to its present value before calculating the amount of attorney's fees.

It is well settled that attorney's fees may be paid in a lump sum even though the worker's compensation is to be paid in the future. *Texas Employers Insurance Association v. Motley,* 491 S.W.2d 395 (Tex. 1973). It is not so well settled as to whether or not a discount is required. Tommy Ray Smith takes the position that it is within the discretion of the trial court to discount or not. Mr. Smith cites the cases of *American States Insurance Company v. Caddell,* 644 S.W.2d 884 (Tex.App.—Tyler 1982, no writ); *Sunbelt Insurance Company v. Childress,* 640 S.W.2d 356 (Tex.App.—Tyler 1982, no writ), and *Texas Employers Insurance Association v. Motely, supra,* as authority that the attorney's fees need not be discounted. He relies on the following language from those cases: "... A discount is not mandated under the statute when attorney's fees are paid in a lump sum." *American States Insurance Company v. Caddell, supra,* at 888, and "... it appears that the trial court did not abuse its discretion in awarding $17,225 attorney's fees without discount." *Sunbelt Insurance Company v. Childress, supra,* at 361.

However, in each of these cases, the amount which was used to determine the 25 percent attorney's fees had previously been subjected to a present value discount. Even in *Texas Employers Insurance Association v. Motley, supra,* at 398 the Supreme Court stated: "... We see no injury

to the insurance company here. It owes the money under the judgment, and the amount of the payment has been discounted to its present value from that which it would have had if paid in installments." Mr. Smith has cited no case which allowed attorney's fees to be paid in a lump sum which were calculated from a non-discounted compensation amount.

In support of their position, T.E.I.A. advances the following language from *United States Fire Insurance Co. v. Alvarez*, 657 S.W.2d 463 (Tex.App.—San Antonio 1983, no writ) at 476:

"Appellant lastly asserts that Tex.Rev. Civ.Stat.Ann. art. 8306a (Vernon 1967) requires discounting at 4% the lump sum award of attorney's fees. We agree that article 8306a requires a 4% discount to be applied to all advanced payments of compensation and that a lump sum award of attorney's fees amounts to an advance payment of a percentage of compensation."

We believe this is the proper reasoning to be applied in this instance. The point of error is sustained.

We will reverse and render such judgment as the trial court should have rendered below. TEX.R.CIV.P. 434. The judgment below is reformed to award attorney's fees in the amount of $13,918.29.

REVERSED AND REFORMED.