776 P.2d 1258

**Lyle STRONG, Claimant–Appellee,**

v.

**SYSCO CORPORATION/NOBEL SYSCO and American Motorists Insurance Company, Respondents–Appellees,**

**and**

**David H. Pearlman, P.A., Appellant.**

No. 11144.

Court of Appeals of New Mexico.

June 13, 1989.

David H. Pearlman, P.A., Albuquerque, pro se.

Donald E. Lepley, Butt, Thornton & Baehr, P.C., Albuquerque, for respondents-appellees.

OPINION

APODACA, Judge.

Worker's attorney (Attorney), claiming an abuse of discretion, appeals the hearing officer's refusal to award his attorney fees in a lump sum payable by employer. Concluding the hearing officer did not abuse his discretion, we affirm.

Worker was injured on February 19, 1987. The parties concede that the interim worker's compensation act applies. *See* NMSA 1978, §§ 52–1–1 to 52–1–69 (Orig.

Pamp. & Cum.Supp.1986) (all subsequent references to the act are to the interim act). Under the act, an injured worker is responsible for the payment of all attorney fees. § 52–1–54. Attorney successfully represented worker at a hearing and obtained an award of benefits in the amount of $67.33 per week. The hearing officer also awarded Attorney fees in the amount of $4,523.95, to be paid out of the bi-weekly compensation paid to worker.

Attorney subsequently moved for an order requiring employer to pay his fees in a lump sum. He proposed that the lump sum be deducted from worker's total award and that worker's total compensation period be shortened accordingly. In other words, worker would be paid the entire $67.33 weekly, with no deduction for attorney fees, but would receive benefits for a shorter period of time. *See Paternoster v. La Cuesta Cabinets, Inc.,* 101 N.M. 773, 689 P.2d 289 (Ct.App.1984) (approving a similar shortening of the benefits period to allow recoupment of an overpayment of benefits). Attorney presented evidence establishing that his fees award is worth much less if paid over time than in a lump sum and that he would suffer economic harm if the lump sum was not awarded. Worker opposed the effort to obtain a lump sum, apparently preferring to receive a smaller amount of compensation over a longer period of time.[1] The hearing officer ruled that the lump sum award would benefit no party except Attorney and that a lump sum would not be appropriate. He ordered that Attorney be issued bi-weekly checks at a rate of $10.10 per week until the total amount of fees is paid.

Before addressing the issue raised by Attorney, we take notice of a broader issue that we do not address. Prior to enactment of the 1987 interim legislation modifying the Workmen's Compensation Act, NMSA 1978, Section 52–1–30 detailed the

circumstances under which a lump sum award could be granted. That section was repealed by 1986 N.M. Laws, Chapter 22, Section 102.

At the time of worker's injury, on February 19, 1987, the interim Workers' Compensation Act did contain Section 52–5–12 (1986 Laws, Chapter 22, Section 30), which provided:

It is the stated policy for the administration of the Workmen's Compensation Act * * * that it is in the best interest of the injured workman that he receive benefit payments on a periodic basis. Lump sum payments in exchange for the release of the employer from liability for future payments of compensation or medical benefits shall be allowed only upon agreement of all parties or under special circumstances, as when it can be demonstrated that lump sum payments are clearly in the best interests of the parties.

Here, the record indicates the parties did not agree to an order granting lump sum award and the hearing officer could properly determine there was no special circumstances justifying the issuance of a lump sum award.

The interim act squarely places the burden of paying a worker's attorney fees on the worker. Employer is not responsible for these fees, absent exceptional circumstances not applicable in this case. *See* § 52–1–54. It is thus not apparent that the hearing officer had any authority to make the lump sum award requested by Attorney. A lump sum award requires an employer to assume some responsibility for the payment of attorney fees. In addition, as Attorney contends, a lump sum award benefits the recipient economically by avoiding lost interest or lost opportunities to use the money. Conversely, payment of a lump sum is a greater economic burden on the entity making the payment. In this case, payment of the lump sum to Attorney

---

**1.** We note that SCRA 1986, 16–102(A) requires that a lawyer abide by a client's decisions concerning the objectives of representation. There does not appear to be any agreement of record, and Attorney has called our attention to none, under which the worker consented to this appeal; nor has there been any substitution of counsel for worker.

would have required employer to incur a larger expense than payment of worker's periodic compensation benefits alone. Such a result may be contrary to the statutory scheme of the interim act, under which an employer is apparently responsible only for payment of compensation to the injured worker. *But see Boston Ins. Co. v. Sharpton,* 111 Ga.App. 16, 140 S.E.2d 302 (1965) (a lump sum award for attorney fees is not precluded, but weighty consideration should be given to the possibility that employer will have to pay sums it otherwise would not have had to). Yet, we need not decide the issue in this case, because we determine that the hearing officer did not abuse his discretion in refusing to award the lump sum.

Attorney concedes that the hearing officer's decision, like other decisions involving attorney fees, is reviewable only for an abuse of discretion. *Cf. Manzanares v. Lerner's, Inc.,* 102 N.M. 391, 696 P.2d 479 (1985) (amount of attorney fees awarded is within trial court's discretion); *Paternoster v. La Cuesta Cabinets, Inc.* (court has discretion to decide which of various methods of applying credit against worker's benefits is appropriate). Attorney argues that the hearing officer abused his discretion because he made no findings regarding the chilling effect of his decision on attorneys' willingness to represent interim act claimants. According to Attorney, such findings were necessary because the chilling effect of a decision is a *Fryar* factor that must be considered when awarding attorney fees, and if evidence of a *Fryar* factor is introduced, a court or hearing officer *must* make a finding concerning that factor. *See Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979). On the contrary, *Fryar* does not require a finding regarding each factor. It only requires that a factor be *considered* if there is evidence regarding that factor, and it requires that an award of fees be supported by adequate evidence. *See Salazar v. Pioneer Paving, Inc.,* 99 N.M. 744, 663 P.2d 1201 (Ct.App.1983).

In this case, Attorney presented evidence and requested findings concerning the economic effect of a failure to award a lump sum. The hearing officer was obviously aware of the issue, because he found that a lump sum award would benefit Attorney. The question before us, therefore, is not whether the hearing officer failed to consider the effect of his failure to award a lump sum. Instead, the issue is whether the hearing officer's decision was an abuse of discretion, taking into account the effect of the decision on future representation of workers with interim act injuries.

Attorney relies on several New Mexico cases and a dissenting opinion in an Arkansas case to bolster his claim of abuse of discretion. *See, e.g., Woodson v. Phillips Petroleum Co.,* 102 N.M. 333, 695 P.2d 483 (1985); *Herndon v. Albuquerque Pub. Schools,* 92 N.M. 287, 587 P.2d 434 (1978); *United States Fidelity & Guar. Co. v. Potter,* 263 Ark. 689, 567 S.W.2d 104 (1978) (In Banc). The New Mexico cases discuss the necessity of ensuring adequate representation of injured workers. The dissent in the Arkansas case emphasizes the chilling effect small bi-weekly payments instead of lump sums will have on representation of workers. These cases, however, were decided in the context of a statute under which employers, not workers, were responsible for paying attorney fees awarded to workers.

On the other hand, with respect to the interim act, under which workers (not employers) are responsible for payment of fees, chilling effect alone does not appear to be sufficient to mandate a finding of abuse of discretion on the part of the hearing officer. Other considerations relevant in this appeal include: the lack of express statutory authority for imposing a lump sum payment on the employer; the greater economic burden suffered by an employer if lump sum payment is ordered; the possibility that an employer will actually pay part of the fees for which worker is solely responsible, should worker's impairment end or periodic payments otherwise cease prior to the full statutory payment period; the fact that the hearing officer explicitly

found there was no agreement between worker and Attorney calling for a lump sum payment; worker's opposition to the lump sum payment, coupled with the hearing officer's finding that such a payment would not benefit worker; and the fact that proration of attorney fees payments over all payments to which worker was entitled was a method of allocation specifically approved by this court in situations involving deductions from worker's compensation benefits. *See Paternoster v. La Cuesta Cabinets, Inc.* (discussing various methods of granting credit against benefits, and stating that proration is an acceptable method of awarding such credit).

Considering all these factors, we conclude the hearing officer did not abuse his discretion in refusing to make a lump sum award. In so holding, we recognize that proration of the attorney fees award works a significant hardship on Attorney. However, the hearing officer was made aware of that hardship and determined that it did not mandate a lump sum award, given the circumstances of this case. We hold that determination was not an abuse of discretion. The hearing officer's decision is therefore affirmed.

IT IS SO ORDERED.

BIVINS, C.J., and DONNELLY, J., concur.