798 P.2d 215

Luis Roberto SOSA,
Claimant–Appellant,

v.

EMPIRE ROOFING COMPANY and
Mountain States Mutual Casualty
Company, Respondents–Appellees.

No. 11641.

Court of Appeals of New Mexico.

Aug. 23, 1990.

Daniel R. Swiss, Chavez and Montes, Albuquerque, for claimant-appellant.

Mark J. Riley, Padilla, Riley & Shane, P.A., Albuquerque, for respondents-appellees.

## OPINION

CHAVEZ, Judge.

Claimant appeals the award of attorney fees in his workers' compensation claim. The workers' compensation judge (the WCJ) awarded claimant $4,000 in attorney fees after holding two hearings on claimant's motion for attorney fees in excess of the statutory maximum on the basis of respondents' alleged bad faith. *See* NMSA 1978, § 52–1–54(G) (Cum.Supp.1989). For the reasons stated below, we affirm the hearing officer's award.

FACTS

On November 3, 1987, claimant was told by employer to report for work the next day for an out-of-town job. On November 4, 1987, within his first hour of work, claimant suffered an on-the-job accidental injury while loading asphalt blocks. Later that day, employer discovered that claimant could not drive a standard truck and informed claimant he was no longer needed for the out-of-town job.

Claimant filed for benefits, alleging temporary total disability and at the formal hearing sought permanent total disability benefits. Respondents contested whether claimant was an employee and whether a compensable injury occurred, since no details of employment were discussed prior to the injury. Claimant never filled out necessary employment paperwork, and no one saw him injure himself. The prehearing officer recommended a formal proceeding before a workers' compensation judge because of the issues of credibility. The WCJ concluded that claimant was rendered 5 percent permanently partially disabled as a result of the on-the-job accidental injury. A lump-sum settlement in the amount of $5,500 was agreed on by the parties.

Claimant filed a motion for attorney fees in excess of the statutory maximum of $12,500. *See Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979); § 52–1–54(G). At the hearings on the matter of attorney fees, claimant's counsel alleged that he and co-counsel had expended a total of 210 hours on the case. Claimant's counsel alleged that this amount of time was necessary since employer contested all legal issues, including the fact of employment, notice, occurrence of the accident, liability, medical causation, and disability. Claimant's attorney also alleged that another factor had resulted in time expenditure: the fact that claimant spoke no English, so

all documents had to be translated into Spanish and then explained. Respondents' attorney admitted to billing about 80 hours on the case.

In its supplemental findings and conclusions, the WCJ found that although claimant's counsel expended 210 hours in this case, under the circumstances, only 50 to 80 hours would have been reasonable and necessary. The WCJ found that the issues were contested to less than an average degree, and were of average complexity and less than average in novelty. *Fryar v. Johnsen.* The WCJ also found that the employer did not act in bad faith. The WCJ officer awarded $4,000 in attorney fees, and ordered employer to pay three-fourths of the fees and claimant to pay one-fourth pursuant to Section 52–1–54(H).

## DISCUSSION AND ANALYSIS

■ Claimant argues the WCJ erred in refusing to hold a separate evidentiary hearing on the issue of bad faith. Section 52–1–54(G) provides: "Any determination of bad faith shall be made by the hearing officer through a *separate* fact-finding proceeding." This language could be read as requiring that the issue of bad faith be considered at a hearing separate from all other hearings. On the other hand, it would ordinarily be burdensome and uneconomical to conduct separate hearings on attorney fees and on bad faith. The statutory language may mean only that the issue of "bad faith" must be considered at a hearing separate from the hearing on the merits. We need not, however, reach that issue. Claimant never requested that the issue of bad faith be considered at a hearing separate from any hearing on attorney fees. Claimant's motion on attorney fees appeared to contemplate a joint hearing on both bad faith and attorney fees, and claimant did not object to consideration of both matters at the hearing at which the parties presented their positions on bad faith and attorney fees. Because claimant did not preserve the issue below, we need not consider whether he would have been entitled to a totally distinct hearing on bad faith if he had requested it or objected to the procedure employed.

■ In the case at hand, claimant's attorney filed a memorandum in support of the motion for attorney fees and was given the opportunity to present the matter at the hearings. The WCJ entered supplemental findings of fact and conclusions of law on the bad faith issue. At the formal hearing, the WCJ indicated that based on the trial testimony and the arguments that had been made by claimant, he was inclined to rule that respondents had reasonably raised their defenses. After this statement, claimant did not seek to tender further evidence or make an offer of proof. In that circumstance, claimant cannot complain about the lack of evidence in the record on the issue of bad faith. Ordinarily, the WCJ could make a determination of bad faith based on evidence heard at the formal hearing on the merits. If one party thinks that further evidence on the issue would be necessary or helpful, that party must alert the WCJ that it intends to present such evidence. Instead, counsel for claimant responded to the WCJ's statement by saying, "OK. And your Honor, we are willing to accept that, if that's what your holding is."

■ Claimant alleges that the WCJ's findings of fact on this issue are not supported by substantial evidence. On appeal in workers' compensation cases, we review the whole record to determine whether substantial evidence supports the hearing officer's findings. *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). However, in this case a somewhat different analysis is appropriate; when a finding is made against the party with the burden of proof, we can affirm such a finding if it was rational for the fact finder to disbelieve the evidence offered in support of that finding. *See Luchetti v. Bandler,* 108 N.M. 682, 684–85, 777 P.2d 1326, 1328–29 (Ct.App.1989); *Nunez v. Smith's Management Corp.,* 108 N.M. 186, 769 P.2d 99 (Ct.App.1988). It is claimant's burden to show the bad faith on the part of respondents.

■ Section 52–1–54(G) defines bad faith as "conduct by the employer in the handling of a claim which amounts to fraud,

malice, oppression or willful, wanton or reckless disregard of the rights of the worker." Thus, we need only determine whether the WCJ could rationally determine that claimant had failed to satisfy that burden. Claimant on appeal contends that respondents' bad faith is demonstrated by its failure to conduct an investigation, which, in claimant's view, would have clearly established claimant's employment. Yet the issue was not so clear-cut. After the hearing on attorney fees, the WCJ found: "The Respondent's [sic] defense to the Claimant's assertion that he was an employee at the time of the injury was legitimate and meritorious and was only rejected after careful deliberation of the Worker's Compensation Judge." The fact that the WCJ himself had serious doubts about the issue is in itself sufficient to reject claimant's contention of bad faith with respect to lack of investigation. Nothing in *Jessen v. National Excess Insurance Co.*, 108 N.M. 625, 776 P.2d 1244 (1989) compels a different result.

■ Claimant also contends that respondents' bad faith is established by respondents' calling the WCJ's attention to the supreme court's formal reprimand of one of claimant's attorneys which had been published in the New Mexico Bar Bulletin. Respondents contended that the reprimand was relevant to the skill and reputation of the attorney, which is a factor in awarding attorney's fees. *See Fryar v. Johnsen.* It was rational for the WCJ to decide that claimant had not established respondents' bad faith based on that submission.

■ Finally, claimant argues the WCJ abused his discretion when he awarded only $4,000 in attorney fees where claimant's counsel waived that portion of the fees for which claimant is responsible. *See* § 52-1-54(H). Initially, we note that it is not dispositive on the issue of attorney fees that claimant's counsel waived the portion of fees for which claimant is responsible. *Cf. Fryar v. Johnsen* (assuring adequate representation and reducing costs of insurance premiums are considered in assessing appropriate attorney fees). Attorney fees are awarded to a claimant and not his counsel. *Genuine Parts Co. v. Garcia,* 92 N.M. 57, 582 P.2d 1270 (1978).

■ An award of attorney fees is reviewable only for an abuse of discretion. *Strong v. Sysco Corp./Nobel Sysco,* 108 N.M. 639, 776 P.2d 1258 (Ct.App.1989). We agree with claimant that the amount of the benefit award must not be the sole inquiry of the WCJ in setting attorney fees. *See Woodson v. Phillips Petroleum Co.,* 102 N.M. 333, 695 P.2d 483 (1985). The WCJ, nevertheless, did not limit his inquiry to the amount of benefits awarded. This is evidenced again by the findings of fact which state that the issues in this case were contested to a less than average degree, were of average complexity, and were of less than average novelty. Claimant does not challenge these findings. *See Wood v. Citizens Standard Life Ins. Co.,* 82 N.M. 271, 480 P.2d 161 (1971); SCRA 1986, 12-213(A)(3).

■ Furthermore, the award of attorney fees of $4,000 constitutes 91% of the present value of the recovered amount, which was approximately five percent of the amount sought by claimant. *Cf. Woodson v. Phillips Petroleum Co.* This being the case, we do not see an abuse of discretion in the fact that the award does not correspond exactly to the amount of time the WCJ found would have been reasonable for claimant's counsel to spend. In questioning the reasonableness of the alleged 210 hours claimant's counsel spent on this case, the WCJ elicited from respondents' counsel that between 50 and 80 hours would be a reasonable expenditure of time. In addition, because of the experience of the WCJ in hearing cases and then reviewing claims for attorney fees (which necessarily indicate the amount of time necessary to perform various functions in the preparation of the case), the WCJ could make his own expert evaluation of the reasonable time required to perform the tasks in preparation for the hearing. Therefore, there was a basis on which the WCJ could find that claimant's counsel's alleged expenditure of time was unreasonable and unnecessary. Based on the above, there was no abuse of discretion.

Finally, there is the matter of the affidavit which counsel for claimant attached to his reply brief. We review only those matters which are of record. *See State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct.App.1975). Therefore, we grant respondents' motion to strike the affidavit. *See State v. Lucero,* 90 N.M. 342, 563 P.2d 605 (Ct.App.1977).

CONCLUSION

For the above-stated reasons, the WCJ's award of attorney fees is affirmed.

IT IS SO ORDERED.

MINZNER and HARTZ, JJ., concur.