Henry J. GIBEAU, Appellant,

v.

KOLLSMAN INSTRUMENT COMPANY,
Scibal Insurance and Crawford &
Company, Appellees.

No. S–6248.

Supreme Court of Alaska.

June 9, 1995.

Meredith A. Ahearn, Hagans, Moran, Ahearn & Webb, Anchorage, for appellant.

Susan M. West and Eric P. Gillett, Guess & Rudd, Anchorage, for appellees.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

MATTHEWS, Justice.

This appeal requires us to decide whether the Workers' Compensation Board should be required or permitted to award lump-sum attorney's fees equal to the present value of expected future attorney's fees, where the claimant's benefits on which the attorney's fees are based are paid out periodically for an indefinite period.

Henry Gibeau became a paraplegic as a result of a work-related helicopter accident. After Gibeau's claim was controverted by his employer, Kollsman Instrument Company ("Kollsman"), the Workers' Compensation Board ("Board") awarded Gibeau permanent total disability ("PTD") benefits under AS 23.30.180(a). Payments of $472.03 per week were to be distributed in bi-weekly installments pursuant to AS 23.30.155(b).

Gibeau's attorney then filed a motion requesting statutory minimum attorney's fees (25% of the first $1,000 of benefits and 10% of all additional sums awarded), and asked that the fees be paid in a lump sum equal to the present value of expected future fees. The Board awarded the statutory minimum fees, but denied the request that they be paid in a lump sum. Thus, for as long as Gibeau receives benefits his attorney will receive a check for $94.41 every two weeks.[1] Gibeau appealed to the superior court, and the superior court affirmed.

We review the question presented under the independent judgment standard, since the issue is one of statutory interpretation where no agency expertise is required. *See Summerville v. Denali Center,* 811 P.2d 1047, 1050 (Alaska 1991).

The relevant statute, AS 23.30.145(a), states:

Fees for legal services rendered in respect to a claim are not valid unless ap-

---

1. The fees are in addition to the benefits award to Gibeau.

proved by the board, and the fees may not be less than 25 percent on the first $1,000 of compensation or part of the first $1,000 of compensation, and 10 per cent of all sums in excess of $1,000 of compensation. When the board advises that a claim has been controverted, in whole or in part, the board may direct that the fees for legal services be paid by the employer or carrier in addition to compensation awarded; the fees may be allowed only on the amount of compensation controverted and awarded. When the board advises that a claim has not been controverted, but further advises that bona fide legal services have been rendered in respect to the claim, then the board shall direct the payment of the fees out of the compensation awarded. In determining the amount of fees the board shall take into consideration the nature, length, and complexity of the services performed, transportation charges, and the benefits resulting from the services to the compensation beneficiaries.

The statute does not directly state whether attorney's fees should be paid periodically or in a lump sum. However, fees based on a percentage of an award cannot be presently calculated where substantial uncertainties exist as to the value of the award. That is the case here.

The claimant will receive PTD benefits only as long as he lives and continues to be unable to work because of his disability. The claimant's future benefits may also be reduced or eliminated if the claimant recovers damages or a settlement from a third-party tortfeasor. *See* AS 23.30.015. The statutory language that "fees may be allowed only on the amount of compensation ... awarded," means, in our view, that percentage fees based on an award payable for an indefinite number of installments cannot be reduced to a lump sum. The "amount of compensation ... awarded" is unknown at the time of the award.[2]

Gibeau's policy argument in favor of awarding lump-sum attorney's fees is that paying attorney's fees in installments may give workers' compensation attorneys insufficient compensation and may consequently make it difficult for workers to find lawyers willing to argue their claims. Gibeau relies on this court's stated recognition that the purpose of our workers' compensation attorney's fees statute is "to ensure that injured workers have competent counsel." *Cortay v. Silver Bay Logging*, 787 P.2d 103, 108 (Alaska 1990); *see also Wise Mechanical Contractors v. Bignell*, 718 P.2d 971, 973 (Alaska 1986). While Gibeau describes the purpose of the attorney's fees statute correctly, his argument is not economically sound. In present value terms, the value of expected attorney's fees paid out in the future is equivalent to the value of expected attorney's fees reduced to present value and paid out in a lump sum. Therefore, reducing expected attorney's fees to present value and paying them out in a lump sum will generally not make any difference to an attorney's economic situation and will not increase the incentive that attorneys have to represent injured workers.

While paying lump-sum attorney's fees will not make it significantly easier for injured workers to find lawyers, it would entail certain added costs. Correctly calculating the present value of expected attorney's fees will often be difficult, as illustrated by the facts of this case. Gibeau's attorney proposed that expected attorney's fees be calculated based on the assumption that Gibeau will continue to receive PTD benefits until his death. Gibeau's attorney hired an expert who used a life-expectancy table broken down only by sex and race as the basis for his calculations.

In the general PTD case, the method Gibeau's attorney proposed for calculating present value would probably lead to a calculation of expected attorney's fees higher than the actual attorney's fees which a PTD claimant's attorney would receive, for three reasons.[3] First, some PTD claimants obtain

2. Professor Arthur Larson states that a compensation award may only be converted to a lump sum by agreement or where there is "an award fixing a definite period of disability on which the [conversion] is to be based." 3 Arthur Larson,

*Workmen's Compensation Law* § 82.71, at 15–1240 to 15–1241 (1992).

3. If the Board were directed to calculate lump-sum attorney's fees in the manner suggested by

employment after receiving an award. This results in a reduction or termination of compensation benefits.[4] *See* AS 23.30.180.[5] Second, some PTD claimants have valuable claims against third parties who have caused their disability. Success on such claims will reduce or eliminate their entitlement to compensation benefits.[6] *See* AS 23.30.015. Third, the method proposed for calculating present value assumed that PTD claimants as a group do not have a life expectancy lower than the life expectancy of the average American in a particular claimant's demographic group. No evidence was submitted in support of this assumption.

The uncertainty surrounding when an injured worker may die, whether the worker may reenter the labor force, and whether the worker may receive damages or a settlement from a third party may lead to expensive and time-consuming debate before the Board, as illustrated by the debates in this case.[7] Properly calculating the present value of expected attorney's fees would consume admin-

istrative and judicial resources without significantly increasing the incentives that attorneys have to represent workers' compensation claimants and without producing any other social benefit.

Both parties rely on cases from other states dealing with the issue of whether attorney's fees should be paid in a lump sum in workers' compensation cases. However, Alaska's workers' compensation attorney's fees statute is unique among the fifty states in that it sets a minimum fee but no maximum fee. 3 Arthur Larson, *Workmen's Compensation Law* § 83.14, at 15–1339 to 15–1340 (1992). As a result, cases from other jurisdictions are often not useful to the interpretation of our attorney's fees statute. *See Haile v. Pan American World Airways, Inc.,* 505 P.2d 838, 841 n. 4 (Alaska 1973). Foreign cases are not helpful here, as the decisions relied on by both parties are distinguishable due to differences in the attorney's fees statutes being interpreted.[8]

Gibeau's attorney, this *would* increase the incentive workers' compensation attorneys have to represent injured workers, since attorney's fees awarded would be higher than the true present value of expected attorney's fees. However, such a result is not justified by the statute.

4. For example, Gibeau was only 39 at the time of the hearing before the Board. While the Board found that Gibeau is a paraplegic, it also found that he has "exceptional" mental capacities. The Board found that psychological problems which Gibeau developed as a result of his injuries, including difficulty concentrating, contributed significantly to his inability to work. Since Gibeau's psychological condition may improve, he may be able to take a job in the future which does not require the use of his legs.

5. AS 23.30.180 states that PTD benefits "shall be paid to the employee during the *continuance* of the total disability" (emphasis added).

6. In this case, Gibeau reached a settlement with the third party after his hearing before the Board.

7. There was also controversy over what discount rate should be used to calculate present value, since Gibeau's expert proposed using an interest rate of 1.01%.

8. Gibeau relies on cases from Alabama upholding lump-sum awards. *See Genpak Corp. v. Gibson,* 534 So.2d 312, 313 (Ala.Civ.App.1988); *Hardin's Bakery v. Higgins,* 480 So.2d 1252, 1253 (Ala.Civ.App.1985), *overruled in part on other*

grounds by *Ex parte St. Regis Corp.,* 535 So.2d 160 (Ala.1988); *Ashland Chemical Co. v. Watkins,* 435 So.2d 1301, 1302 (Ala.Civ.App.1983), *overruled in part on other grounds by St. Regis,* 535 So.2d 160. However, the Alabama statute specifically gives judges discretion in setting "the manner" of the payment of attorney's fees. *Ashland,* 435 So.2d at 1302.

Gibeau also cites *Quam v. State,* 391 N.W.2d 803 (Minn.1986). The court in *Quam* held that attorney's fees should not be delayed until the receipt of compensation benefits. *Id.* at 807–08. The statute at issue based attorney's fees on the amount of work performed and set a maximum cap. *Id.* at 805. As there is no justification for delaying fees where fees are not tied to the amount of benefits received but are based on work performed, *Quam* is inapposite.

Kollsman relies on *Strong v. Sysco Corp./Nobel Sysco,* 108 N.M. 639, 776 P.2d 1258 (App.1989), and *Lindsey v. Strohs Companies, Inc.,* 830 S.W.2d 899 (Tenn.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 163, 121 L.Ed.2d 112 (1992). *Strong* is inapplicable because the statute in *Strong* deducted attorney's fees from the worker's benefits, the attorney asked for a lump-sum award without reduction to present value, and the legislature had repealed a statute providing for lump-sum payment. *See* 108 N.M. at 640, 776 P.2d at 1259. In *Lindsey,* the court simply stated, without giving any details, that the state's statute did not authorize lump-sum awards. *See* 830 S.W.2d at 904.

Both parties cite cases from Texas and Montana. In Texas, when worker's compensation

For the foregoing reasons the decision of the superior court affirming the Board's decision is AFFIRMED.

benefits are awarded by a jury, the total amount of the award is fixed, so the Texas Supreme Court has held that there is no reason to pay attorney's fees derived from such awards in installments. *See Texas Employers' Ins. Ass'n v. Motley,* 491 S.W.2d 395, 396 (Tex.1973). However, the Texas Supreme Court has also ruled that lump-sum attorney's fees may not be paid when benefits are granted by the workers' compensation board, since such benefits are paid in installments, the total amount of benefits is not fixed, and the Texas statute directs the board to "fix ... the proportion of each installment to be paid [to the attorney]," strongly suggesting that fees should be paid in installments. *Id.* (omissions in original); *see also Texas Employers' Ins. Ass'n v. Parra,* 806 S.W.2d 294 (Tex.App.1991); *Texas Employers' Ins. Ass'n v. Smith,* 700 S.W.2d 746 (Tex.App.1985). The Montana Supreme Court has held that Montana's Workers' Compensation Court has the discretion to deny lump-sum fees, relying partly on the possibility that a lump-sum award may exceed Montana's maximum cap. *See Wood v. Ulmer's Car and Truck,* 236 Mont. 353, 769 P.2d 1264, 1268 (1989); *Swan v. Sletten Const. Co.,* 223 Mont. 477, 726 P.2d 1170, 1172–73 (1986). Gibeau relies only on the dissent in *Wood.* *See Wood,* 769 P.2d at 1268–70 (Sheehy, J., dissenting).