**BANAVIDEZ V. RED SKY PLATING AND NMMCC**

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**PHILLIP BENAVIDEZ,**
**Worker-Appellant,**
**v.**
**RED SKY PLATING AND NMMCC,**
**Employer/Insurer-Appellees.**

No. A-1-CA-35977

COURT OF APPEALS OF NEW MEXICO

February 14, 2019

APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION, Leonard J. Padilla, Workers' Compensation Judge

**COUNSEL**

Dunn Law Offices, Rodney Dunn, Rio Rancho, NM, for Appellant

Law Office of Nathan Cobb LLC, Nathan A. Cobb, Albuquerque, NM, for Appellee

**JUDGES**

BRIANA H. ZAMORA, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** BRIANA H. ZAMORA

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Phillip Benavidez (Worker) appeals the workers' compensation judge's (WCJ) order denying his request to require Red Sky Plating and New Mexico Mutual Casualty Company (collectively, Employer/Insurer) to pay one hundred percent of his attorney fees pursuant to the fee-shifting provision of the Workers' Compensation Act (the Act).

We hold that Worker made an offer sufficient to trigger the mandatory fee-shifting provision of Section 52-1-54(F)(4) (2013) and therefore, we reverse the WCJ's order and remand the matter for further proceedings consistent with this opinion.

## BACKGROUND

**{2}** Worker was injured by a chemical exposure that occurred on September 17, 2013, during the course and scope of his employment. Worker filed a complaint seeking indemnity and medical benefits for work-related injuries on October 22, 2014. On March 4, 2015, Worker made an offer of judgment to Employer/Insurer. The relevant terms of Worker's offer of judgment are as follows: (1) Worker's maximum compensation rate is $300 per week; (2) Employer/Insurer shall pay worker weekly temporary total disability (TTD) benefits in the amount of $300 beginning April 4, 2014, and continuing until he reaches maximum medical improvement (MMI) for his occupational asthma and all other conditions subsequently determined to be causally related to chemical exposure during the course of his employment; (3) Employer/Insurer is responsible for ongoing medical care and payment of all medical bills for Worker's occupational asthma and/or other conditions determined to be causally related to Worker's work-related chemical exposure; (4) entitlement to permanent partial disability (PPD) benefits, if any, is deferred until Worker has reached MMI; (5) payment of attorney fees payable 50 percent by Employer/Insurer and 50 percent by Worker; and, (6) costs to date actually incurred by Worker shall be borne by Worker.

**{3}** Employer/Insurer never responded to Worker's offer of judgment and neither party disputes that the offer was rejected. The claim proceeded to trial, where the only contested issues were the compensability of Worker's occupational asthma and the extent of disability.

**{4}** The WCJ issued a compensation order in favor of Worker. The compensation order provided that Employer/Insurer was liable for Worker's occupational asthma, sinusitis, acid reflux, and anxiety. Worker was awarded TTD benefits at his maximum compensation rate in the amount of $364.69 per week from September 17, 2013 (date of injury), until he reached MMI on September 29, 2015. After reaching MMI, Worker was entitled to PPD benefits at 30 percent of his maximum compensation rate.

**{5}** Worker filed an application seeking an award of attorney fees to be paid entirely by Employer/Insurer pursuant to Section 52-1-54(F)(4). Employer/Insurer opposed Worker's application. The WCJ determined that Worker's offer of judgment was insufficient to establish a basis for fee shifting under Section 52-1-54(F)(4) because his offer failed to adequately address certain issues, such as PPD.[1] The WCJ decided that Employer/Insurer should only bear 50 percent of Worker's attorney fees. Worker appeals.

## DISCUSSION

**{6}** The sole issue on appeal is whether the WCJ properly determined that the fee-shifting provision of the Act does not apply. Worker argues that the Act does not require a worker to reach MMI and calculate PPD as a prerequisite to filing an offer of judgment. In response, Employer/Insurer claims that because the offer of judgment failed to establish an amount of PPD benefits and the date of MMI was unresolved, it deprived Employer/Insurer of the requisite information necessary to determine the extent of its liability. Employer/Insurer also argues that Worker's offer of judgment was deficient because it did not include all of the injuries claimed in Worker's complaint.[2] Subsequent to the WCJ's decision, our Supreme Court decided *Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 23, 428 P.3d 265, which held that uncertainty about an MMI date or a PPD rate is insufficient to invalidate an offer of judgment "if the worker's healing process is incomplete." Applying *Baker* here, we reverse.

## A.    **Standard of Review**

**{7}** Normally, we review the WCJ's award of attorney fees for abuse of discretion. *See Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 21, 142 N.M. 605, 168 P.3d 177; *Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 15, 121 N.M. 258, 910 P.2d 334 ("Awarding attorney fees under the Act is a matter entirely within the discretion of the workers' compensation judge."). Employer/Insurer argues that this Court should apply a rational basis standard of review, which requires a reviewing court to "affirm such a finding if it was rational for the fact[-]finder to disbelieve evidence offered in support of the finding." *Sosa v. Empire Roofing Co.*, 1990-NMCA-097, ¶ 8, 110 N.M. 614, 798 P.2d 215. However, this Court is not assessing whether there were sufficient facts to support the WCJ finding. Rather, we are interpreting the attorney fee statute and the WCJ's application of the law to the facts. We therefore are required to apply a de novo standard of review. *See Baker,* 2018-NMSC-035, ¶ 15.

## B.    **The Worker's Offer of Judgment Was Sufficient to Trigger the Fee-Shifting Provision of Section 52-1-54(F)(4)**

**{8}** Attorney fees are only permitted as provided in Section 52-1-54 of the Act. Generally, a worker's attorney fee is split equally between a worker and employer/insurer, unless the provisions of Section 52-1-54(F) are applicable. Section 52-1-54(J).

Section 52-1-54(F)(4) provides as follows:

> [I]f the worker's offer was less than the amount awarded by the compensation order, the employer shall pay one hundred percent of the attorney fees to be paid the worker's attorney, and the worker shall be relieved from any responsibility for paying any portion of the worker's attorney fees.

*Id.*; *see Abeyta v. Bumper To Bumper Auto Salvage*, 2005-NMCA-087, ¶ 9, 137 N.M. 800, 115 P.3d 816 (referring to Section 52-1-54 as a fee-shifting provision). The primary purpose of the fee-shifting provision of the Act is to facilitate settlement and prevent

litigation. *See Baber v. Desert Sun Motors*, 2007-NMCA-098, ¶ 18, 142 N.M. 319, 164 P.3d 1018. The fee-shifting provision of the Act is aimed at encouraging the litigants "to make and accept reasonable offers of judgment by providing financial sanctions for the rejection of an offer of judgment if the rejecting party does not obtain a more favorable ruling." *Id.* (internal quotation marks and citation omitted).

**{9}** The mandatory fee-shifting provision is triggered when the following three requirements are met: (1) a worker's offer of judgment is valid pursuant to the Act, (2) the offer is for an amount less than that awarded at trial, and (3) the worker's offer was rejected. *Baker*, 2018-NMSC-035, ¶ 18. We need only address the first two requirements as the parties do not dispute that the Worker's offer of judgment was rejected.

**1.** **The Worker's Offer of Judgment is Valid Pursuant to the Act**

**{10}** In denying Worker's request to apply the fee-shifting provision, the WCJ determined that Worker's offer deferred the issue of PPD and did not address "issues related to ensuing developments [in] Worker's case as the litigation developed." We disagree.

**{11}** In *Baker*, our Supreme Court established the requirements for a valid offer of judgment pursuant to the mandatory fee-shifting provision. An offer of judgment must "[make] clear the intent of the offeror and implications of acceptance by the opposing party." *Id.* ¶ 20. The offer must provide a frame of reference for the opposing party to determine its liability in order to decide whether to accept or reject the offer. *Id.* ¶ 21. The WCJ should be able to "ascertain whether the offeror received a more or less favorable outcome in the final compensation order compared to what was offered in the offer of judgment." *Id.* Finally, an offer must address "the critical issues raised in the complaint." *Baker*, 2018-NMSC-035, ¶ 21.

**{12}** *Baker* held that the absence of an MMI date in an offer of judgment does not necessarily invalidate an offer or preclude an opposing party from ascertaining its potential liability. *Id.* ¶ 23. Our Supreme Court stated that, "an offer of judgment need not establish the date of MMI or amount of PPD benefits if the healing process is still underway." *Id.* ¶ 32. To require litigants to include in their offer details that are dependent on the healing process of the worker would drastically delay settlements in compensation cases. *Id.* ¶ 23.

**{13}** Here, the offer of judgment provided Employer/Insurer with sufficient information related to the offeror's intent, allowed Employer/Insurer to evaluate its potential liability, and addressed all of the critical issues raised in Worker's complaint. *See id.* Worker's offer of judgment included all of the critical issues related to his claim that could possibly have been included at the time of his offer. The offer included an exact maximum compensation rate that would be used for all future indemnity benefits (TTD and PPD). The offer was clear in stating that TTD benefits would not commence from the date of the accident, but rather months later on April 4, 2014. Worker made clear that he was

only seeking medical care and payment of medical bills for his occupational asthma and any other injuries subsequently determined to be causally related to his work-related accident. Additionally, although Worker's offer was made months prior to him reaching MMI and Worker did not include an MMI date or PPD amount in his offer, the absence of a definitive MMI date in Worker's offer did not preclude Employer/Insurer from assessing its potential liability. *See id.* ¶ 32. For these reasons, we conclude that the intent of Worker's offer was clear, unambiguous and provided sufficient notice to Employer/Insurer of its potential liability. Applying *Baker*, we conclude that Worker made a valid offer of judgment.

## 2.    The Offer of Judgment Was for an Amount Less Than the Award at Trial

**{14}**    If Worker's offer was for "less than the amount awarded by the compensation order, the Employer shall pay one hundred percent" of Worker's attorney fees. Section 52-1-54(F)(4). Here, the Worker received more pursuant to the compensation order than he would have received if Employer/Insurer had accepted his offer of judgment.

**{15}**    As Worker points out, his maximum compensation rate not only impacts the amount of TTD benefits he received, but also the amount of PPD benefits he was eligible to receive. Worker's offer of judgment proposed a maximum compensation rate of $300 per week, however, the compensation order set Worker's maximum compensation rate at $364.69 per week. The WCJ awarded Worker TTD benefits at his maximum compensation rate in the amount of $364.69 per week, which is $64.69 more than he would have received under his offer of judgment.

**{16}**    Further, the WCJ determined Worker reached MMI on December 29, 2015, and awarded weekly PPD benefits in the amount of $109.40, which is equivalent to 30 percent of his maximum compensation rate of $364.69. Had the Employer/Insurer accepted the offer of judgment, Worker would have only received weekly PPD benefits in the amount of $90, which is equivalent to 30 percent of the $300 maximum compensation rate, which again, was the amount specified in the offer of judgment.

**{17}**    In addition, Worker received TTD benefits for a longer duration pursuant to the compensation order than he would have received had the Employer/Insurer accepted his offer of judgment. Worker's offer of judgment stated that TTD benefits would commence on April 4, 2014, but the WCJ ordered that the TTD benefits would commence almost seven months earlier on September 29, 2015.

**{18}**    Comparing the offer of judgment to the compensation order, Worker's offer of judgment was more favorable to Employer/Insurer than the determination made by the WCJ. The total amount of indemnity (TTD & PPD) benefits awarded to the Worker by the WCJ exceeded the total amount of indemnity benefits he would have received based on his offer of judgment. Consequently, the Employer/Insurer should have been required to pay one hundred percent of Worker's attorney fees pursuant to the mandatory fee-shifting provision of the Act. Section 52-1-54(F)(4).

**CONCLUSION**

**{19}** We hold that Worker's offer of judgment was valid, that Worker was awarded benefits that exceeded the amount he proposed in his offer, and the offer was rejected. The fee shifting provision of the Act was therefore triggered and Employer/Insurer should have been ordered to pay 100 percent of Worker's attorney fees. *See Baker*, 2018-NMSC-035, ¶ 30 ("The plain language of the statute is clear and unambiguous and *requires* attorney fees to be shifted to the rejecting party if the final compensation awarded to the offeror exceeds what was initially offered.").

**{20}** We therefore reverse the WCJ's order denying Worker's request for fee shifting and remand for further proceedings consistent with this opinion.

**{21}  IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**MEGAN P. DUFFY, Judge**

---

[1]In the attorney's fee order, the WCJ wrote that "[t]he [offer of judgment] does not address issues related to ensuing developments i[n] Worker's case as the litigation developed."

[2]In Worker's pro se complaint, he alleged a head injury and secondary mental impairment as a result of his work-related accident. However, in Worker's offer of judgment, which was filed the same day as his attorney's entry of appearance, he did not include these alleged injuries. The only medical condition Worker included as compensable in the offer of judgment was occupational asthma and any other medical conditions determined to be causally related to the work-related accident, pursuant to NMSA 1978, Section 52-1-28 (1987). Employer/Insurer has therefore been on notice since at least the filing of the offer of judgment that Worker was no longer pursuing an alleged head injury or a claim for secondary mental impairment. As such, we need not address Employer/Insurer's contention that the offer of judgment failed to include the claims for a head injury and secondary mental impairment.